Keith Klein (SBN 184846)
*keith.klein@bclplaw.com*
David Harford (SBN 270696)
*david.harford@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401
Telephone:    (310) 576-2100
Facsimile:    (310) 576-2200

Timothy M. Reynolds (*pro hac vice forthcoming*)
*timothy.reynolds@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
1801 13th Street, Suite 300
Boulder, CO 80302
Telephone:    (303) 444-5955
Facsimile:    (303) 866-0200

Michael E. Rowan (*pro hac vice forthcoming*)
*michael.rowan@bclplaw.com*
**BRYAN CAVE LEIGHTON PAISNER LLP**
211 N. Broadway, Suite 3600
St. Louis, MO 63102
Telephone: (314) 259-2000
Facsimile: (314) 259-2020

Attorneys for Plaintiff Mondofix, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONDOFIX, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FIX AUTO COLLISION CENTER;<br>OMAR ACHAKZAD,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) FEDERAL TRADEMARK INFRINGEMENT**<br>**(2) FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN**<br>**(3) CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>**(4) COMMON LAW TRADEMARK INFRINGEMENT**<br>**(5) COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

Plaintiff, MONDOFIX, INC. ("Plaintiff"), for its Complaint against Defendants FIX AUTO COLLISION CENTER ("FACC") and OMAR ACHAKZAD ("Achakzad," and each individually, "Defendant," and collectively, "Defendants"), respectfully states as follows:

## NATURE OF THE SUIT

1.    Plaintiff seeks damages and permanent injunctive relief barring Defendants from advertising, marketing, offering, selling, or providing automotive and collision repair and maintenance services using trademarks and service marks that are confusingly similar to Plaintiff's federally registered FIX AUTO® Marks (as defined below), used in connection with Plaintiff's top-quality automotive and collision repair and maintenance services. This complaint and forthcoming evidence show that confusion is unavoidable and already occurring. Indeed, Defendants opened their directly competing auto shop *on the very same street* as Plaintiff's licensed franchisee and began providing identical services under FIX AUTO COLLISION CENTER, a designation that wholly and identically incorporates Plaintiff's FIX AUTO® Marks.

2.    Defendants' choice to open its competing auto shop in such close geographic proximity to Plaintiff under a nearly identical and confusingly similar mark indicates a deliberate effort to cause confusion among consumers and trade off the enormous goodwill and strong reputation Plaintiff has built up in the FIX AUTO® Marks for decades. Such efforts are already sowing seeds of confusion among customers, causing them to mistakenly believe Defendants and their services are associated with Plaintiff when they are not.

3.    The harm that Defendants are causing, and intend to cause, is incalculable. Consumers wanting to purchase Plaintiff's FIX AUTO® automobile services have been, are being, and will continue to be misled into thinking that Defendants and/or their auto services are associated with Plaintiff and its FIX AUTO® brand when they are not. Such confusion will inflict immeasurable damage

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

1  to the goodwill and reputation associated with the FIX AUTO® Marks, developed at

2  great effort and expense over many years.  Such harm cannot be remedied with

3  monetary damages alone, rather it requires permanent injunctive relief barring

4  Defendants from advertising, marketing, offering for sale, selling, or providing

5  automotive and collision repair and maintenance services using trademarks and

6  service marks that are confusingly similar to Plaintiff's federally registered FIX

7  AUTO® Marks.

## PARTIES

9      4.      Plaintiff Mondofix, Inc. is a Canadian corporation with a principal place

10  of business at 101-99 Émilien-Marcoux Street, Blainville, Quebec J7C 0B4, Canada.

11      5.      On information and belief, Defendant Fix Auto Collision Center is a

12  California corporation with a principal place of business at 3629 W First Street, Santa

13  Ana, California 92703 and may be served with process on its Agent Omar Achakzad,

14  3629 W First Street, Santa Ana, California 92703.

15      6.      On information and belief, Defendant Omar Achakzad is an individual

16  with an address at 3629 W First Street, Santa Ana, California 92703.

## JURISDICTION

18      7.      This Court has original jurisdiction over this dispute under 15 U.S.C.

19  § 1121, and 28 U.S.C. §§ 1331, 1332, 1338, and 1367, in that the federal claims in

20  this case arise under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et*

21  *seq*, and Plaintiff's state law claims involve common facts and legal issues and form

22  part of the same case and controversy.

23      8.      This Court has pendant jurisdiction over the state law claims in this case

24  under 28 U.S.C. § 1338(b), in that those claims are joined with one or more

25  substantial and related claims under the trademark laws of the United States.

26      9.      Defendant Fix Auto Collision Center is subject to personal jurisdiction

27  in this District at least because it maintains a place of business in this District, as well

28  as its substantial ongoing business activities in this District, including regularly doing

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, CA 90401

1  or soliciting business, engaging in other persistent courses of conduct, and/or

2  deriving substantial revenue from goods and services provided to persons or entities

3  in California and this District.

4       10.   On information and belief, Defendant Omar Achakzad is subject to

5  personal jurisdiction in this District at least because he resides and conducts business

6  in this District.

7       11.   Venue is proper in this District under 28 U.S.C. § 1391(b) because (i)

8  Defendants both reside, do business, may be found, and are subject to personal

9  jurisdiction in this District; and (ii) a substantial portion of the events giving rise to

10 this action occurred in this District.

## FACTS COMMON TO ALL COUNTS

### Plaintiff's FIX AUTO® Trademarks

12       12.   Plaintiff is a global leader in automotive and collision repair and

13 maintenance services and is the master franchisor and licensor of the well-known

14 FIX AUTO® automobile repair shops, with nearly 900 locations worldwide, more

15 than 200 of which are located throughout the United States and 150 are in California.

16       13.   Plaintiff, including through authorized licensees and franchisees, has

17 been providing its extremely high-quality automotive and collision repair and

18 maintenance services under its FIX AUTO® trademarks for more than 30 years.

19 Plaintiff's commitment to consistently high standards of quality, ethics, and

20 performance in its provision of expert collision, glass, and mechanical repair

21 solutions through locally owned and operated facilities that combine advanced tools,

22 industry-leading technology, and franchisee entrepreneurship, has earned Plaintiff

23 and its FIX AUTO® trademarks widespread acclaim as a premier provider in the

24 automotive aftermarket sector, trusted by vehicle owners, insurers, and industry

25 partners alike.

26       14.   Beginning at least as early as September 16, 1997, Plaintiff developed

27 and adopted a number of trademarks and brands for use on and in connection with its

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

high-quality automotive and collision repair and maintenance services, including, among others, the following FIX AUTO® trademarks: FIX AUTO® and FIX AUTO® & Design (reproduced below).



15.     Starting at least as early as January 15, 2015, Plaintiff adopted and began using another variation of its FIX AUTO® trademarks: FIX AUTO EXPRESS®.

16.     And since that time, Plaintiff has adopted and/or began using other variations, including FIX AUTO COLLISION™; FIX AUTO COLLISION™ & Design (reproduced below); FIX AUTO SERVICE™; and FIX AUTO SERVICE™ & Design (reproduced below).

  

17.     Plaintiff is the owner of all right, title, and interest in, to, and under the FIX AUTO® trademarks for use on and in connection with its high-quality services, which are advertised, marketed, offered for sale, sold, and provided in interstate commerce throughout the United States, and elsewhere, by, through, and/or on behalf of Plaintiff.

18.     To further protect its extremely valuable FIX AUTO® trademarks, and to put others on further notice of its ownership and rights in, to, and under its FIX AUTO® trademarks, Plaintiff has acquired a number of U.S. federal trademark registrations, and owns a number of pending U.S. trademark applications for its FIX AUTO® trademarks, including, without limitation, the following (each, individually, a "FIX AUTO® Mark," and collectively, the "FIX AUTO® Marks"):

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

| Trademark | App./Reg. No. | App./Reg. Date | Services |
|---|---|---|---|
| FIX AUTO® | 5,294,029 | Jul. 15, 2016<br>Sep. 26, 2017 | **Class 37:** Automobile repair and maintenance services |
| <br>FIX AUTO® & Design | 2,233,448 | Jun. 30, 1997<br>Mar. 23, 1999 | **Class 37:** Automobile repair and maintenance services |
| FIX AUTO EXPRESS® | 5,087,193 | Dec. 30, 2014<br>Nov. 22, 2016 | **Class 37:** Automobile repair and maintenance services |
| <br>FIX AUTO COLLISION & Design | 99/128,347 | Apr. 09, 2025 | **Class 35:** Franchising services, namely, business management assistance in the establishment and operation of automotive service, repair and maintenance centers; business development, operation and management services for facilities comprising automotive service, repair and maintenance centers; business assistance relating to the establishment of franchise operations; conducting market studies for franchise locations; assistance in franchised commercial business management; business advisory services relating to franchising; providing assistance in the field of business management within the framework of a franchise contract; business advisory services relating to the preparation of franchise agreements; business advisory, assistance, supervision, and support services relating to the establishment and operation of a franchised business<br><br>**Class 37:** Automobile repair and maintenance services; auto body repair services, windshield replacement repair services, automotive collision repair services; construction of commercial retail outlets |

5

COMPLAINT

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

| Trademark | App./Reg. No. | App./Reg. Date | Services |
|---|---|---|---|
|  FIX AUTO COLLISION & Design | 99/177,340 | May 09, 2025 | **Class 35:** Franchising services, namely, business management assistance in the establishment and operation of automotive service, repair and maintenance centers; business development, operation and management services for facilities comprising automotive service, repair and maintenance centers; business assistance relating to the establishment of franchise operations; conducting market studies for franchise locations; assistance in franchised commercial business management; business advisory services relating to franchising; providing assistance in the field of business management within the framework of a franchise contract; business advisory services relating to the preparation of franchise agreements; business advisory, assistance, supervision, and support services relating to the establishment and operation of a franchised business <br><br> **Class 37:** Automobile repair and maintenance services; auto body repair services; windshield replacement and repair services; automotive collision repair services; construction of commercial retail outlets |
| FIX AUTO SERVICE | 98/050,660 | Jun. 20, 2023 | **Class 35:** Franchising, namely, offering technical business management aid and assistance to others in the establishment and operation of automotive service, repair and maintenance centers; business development, operation and management services for facilities comprising automotive service, repair and maintenance centers; business management, organization and promotion assistance relating to the establishment of franchise operations; conducting marketing studies for franchise locations; negotiating leases for others for franchise locations; franchise consulting, namely, consultation |

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

| Trademark | App./Reg. No. | App./Reg. Date | Services |
|---|---|---|---|
| | | | and assistance in business management, organization and promotion; negotiating business franchise contracts for others; business advisory services relating to the preparation of business franchise agreements; advisory, assistance, supervision, and support services relating to the business and administrative maintenance and operation of a franchised business |
| | | | **Class 37:** automobile repair and maintenance; auto body repair services; installation, repair and replacement of windshields; automotive collision repair services; franchising, namely, offering technical automotive service, repair and maintenance aid and assistance to others in the establishment and operation of automotive service, repair and maintenance centers; Installation, maintenance, repair and replacement of exhaust systems for motor vehicles and of components therefor, namely, mufflers, tail pipes and related products; installation, maintenance, repair and replacement of shock absorbers, struts, springs, steering parts, chassis, suspension, alignments, air conditioning parts, driveline parts; installation, maintenance, repair and replacement of brakes, and brake system components; automotive oil change services; installation, maintenance, repair, replacement, rotating and balancing of vehicle tires |
| FIX AUTO SERVICE & Design | 98/050,652 | Jun. 20, 2023 | **Class 35:** Franchising, namely, offering technical business management aid and assistance to others in the establishment and operation of automotive service, repair and maintenance centers; business development, operation and management services for facilities comprising automotive service, repair and maintenance centers; business |

| Trademark | App./Reg. No. | App./Reg. Date | Services |
|---|---|---|---|
| | | | management, organization and promotion assistance relating to the establishment of franchise operations; conducting marketing studies for franchise locations; negotiating leases for others for franchise locations; franchise consulting, namely, consultation and assistance in business management, organization and promotion; negotiating business franchise contracts for others; business advisory services relating to the preparation of business franchise agreements; advisory, assistance, supervision, and support services relating to the business and administrative maintenance and operation of a franchised business<br><br>**Class 37:** automobile repair and maintenance; auto body repair services; installation, repair and replacement of windshields; automotive collision repair services; franchising, namely, offering technical automotive service, repair and maintenance aid and assistance to others in the establishment and operation of automotive service, repair and maintenance centers; Installation, maintenance, repair and replacement of exhaust systems for motor vehicles and of components therefor, namely, mufflers, tail pipes and related products; installation, maintenance, repair and replacement of shock absorbers, struts, springs, steering parts, chassis, suspension, alignments, air conditioning parts, driveline parts; installation, maintenance, repair and replacement of brakes, and brake system components; automotive oil change services; installation, maintenance, repair, replacement, rotating and balancing of vehicle tires |

19.    Many of Plaintiff's registrations for its family of FIX AUTO® Marks are incontestable (*e.g.*, U.S. Reg. Nos. 2,233,448; 5,294,029; and 5,087,193).

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

Plaintiff's ownership of incontestable U.S. trademark registrations for its FIX AUTO® Marks is "conclusive evidence of the validity of the . . . mark . . ., of [Plaintiff's] ownership of the mark, and of [Plaintiff's] exclusive right to use the registered mark in commerce." 15 U.S.C. § 1115(b).

20.    Plaintiff, including through its authorized licensees and franchisees, has continuously used its FIX AUTO® Marks, as noted above, in U.S. commerce, nationwide, and elsewhere, on and in connection with its automotive and collision repair and maintenance services, for nearly thirty years, since at least as early as September 16, 1997.

21.    For just under three decades, Plaintiff, including through its authorized licensees and franchisees, has expended, and continues to expend, a substantial amount of resources, money, time, and effort promoting, marketing, advertising, and building consumer recognition and goodwill in its extremely valuable FIX AUTO® Marks.  There can be no legitimate dispute that the FIX AUTO® Marks are extremely valuable and have acquired substantial secondary meaning in the marketplace, nor that Plaintiff has exclusive registered and common law rights in, to, and under its FIX AUTO® Marks throughout the United States and elsewhere.

22.    Plaintiff, including through its authorized licensees and franchisees, markets, advertises, and promotes its services under and in connection with its FIX AUTO® Marks in, among other channels, digital and social media, trade and other publications, national print media, catalogs, television programming, e-commerce, on-site, and other advertising and marketing media.

23.    Plaintiff, including through its authorized licensees and franchisees, maintains active social media accounts, where it posts marketing and advertising materials promoting its FIX AUTO® Marks.  These accounts include, by way of example, Facebook (https://www.facebook.com/FixAutoUSA) and Instagram (https://www.instagram.com/fixautousa/), among others.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

24.    As a result of Plaintiff's substantial and long-established efforts, including through the efforts of its authorized licensees and franchisees, the public has come to recognize and rely on the FIX AUTO® Marks to identify the source of origin of Plaintiff's extremely high quality automotive and collision repair and maintenance services, and, further, to distinguish such high quality services from the goods and services offered by its competitors and others.  Plaintiff's branded automotive and collision repair and maintenance services provided, marketed, advertised, offered for sale, and sold under and in connection with its FIX AUTO® Marks, are among the most valuable, recognized, and high-quality automotive and collision repair and maintenance services in the United States.

25.    The FIX AUTO® Marks are extremely valuable and have developed a substantial amount of goodwill.

**Defendants' Unauthorized & Infringing Use of the FIX AUTO® Marks**

26.    It recently came to Plaintiff's attention that Defendants adopted and began using the name FIX AUTO COLLISION CENTER to operate a directly competing automotive and collision repair and maintenance business, when a licensed franchisee notified Plaintiff of an instance of actual consumer confusion between Plaintiff's use of its FIX AUTO® Marks and Defendants' use of the identical and/or confusingly similar FIX AUTO COLLISION CENTER name.

27.    More specifically, the franchisee reported receiving a call from a customer who advised that they had mistakenly contacted Defendants while seeking Plaintiff and its authentic FIX AUTO® automotive and collision repair and maintenance services, believing Defendants to be Plaintiff's franchisee and the services provided at Defendants' facility to be authentic FIX AUTO® services.

28.    In fact, as Plaintiff would find out, Defendants' facility is located at 3629 W First Street, Santa Ana, California 92703, which is *on the same street, less than four (4) miles and an eight (8) minute drive* from that franchisee, whose facility is located at 611 E First Street, Santa Ana, CA 92701. *See* **Exhibit A**.  Such close

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

geographic proximity further exacerbates the considerable, if not unavoidable, likelihood of consumer confusion caused by Defendants' use of the identical and/or confusingly similar FIX AUTO COLLISION CENTER name in connection with providing identical automotive and collision repair and maintenance services.

29.     On information and belief, Defendants adopted and began using the infringing FIX AUTO COLLISION CENTER name long after Plaintiff began using, acquired rights in, to, and under, and registered its valuable and extremely well-known FIX AUTO® Marks.

30.     On information and belief, Achakzad founded FACC on or about March 6, 2025, is its owner and sole proprietor, directs and controls the operations of FACC, and at all times, authorized, supervised, directed, and personally engaged in FACC's intentional conduct in adopting and using the FIX AUTO COLLISION CENTER name in connection with the offer, sale, and provision of automotive and collision repair and maintenance services, selection of a business location on the same street as one of Plaintiff's franchisees, and use of that name to cause confusion in the marketplace, compete unfairly with Plaintiff, and divert sales from Plaintiff to Defendants.

31.     Plaintiff's use of its FIX AUTO® Marks in U.S. commerce for automotive and collision repair and maintenance services dates back nearly thirty years, to at least as early as September 16, 1997—on information and belief, more than twenty-seven (27) years prior to Defendants' first use of the infringing FIX AUTO COLLISION CENTER name with the identical services.

32.     Plaintiff is therefore the prior and senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States, including, without limitation, in California.

33.     Defendants' automotive and collision repair and maintenance services are in direct competition with, and/or are identical or highly related to Plaintiff's automotive and collision repair and maintenance services.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

34.   Such directly competing services are customarily offered through similar channels of trade, to similar classes of consumers, and under circumstances that are likely to cause confusion between Plaintiff and its FIX AUTO® Marks, services, and business, and Defendants' use of FIX AUTO COLLISION CENTER, Defendants' services, and their business.

35.   FIX AUTO COLLISION CENTER is identical, substantially indistinguishable from and/or highly similar to Plaintiff's FIX AUTO® Marks, including in sight, sound, and commercial impression.

36.   For instance, FIX AUTO COLLISION CENTER is identical to Plaintiff's FIX AUTO COLLISION™ trademark, but for the addition of the generic and descriptive wording "CENTER."

37.   Additionally, FIX AUTO COLLISION CENTER is identical to Plaintiff's FIX AUTO® trademark, which is protected by an incontestable federal trademark registration, but for the addition of the generic and descriptive wording "COLLISION CENTER."

38.   The "COLLISION CENTER" portion of FIX AUTO COLLISION CENTER is generic and/or merely descriptive of Defendants' provision of automobile collision services at an automobile shop center, and such addition fails to distinguish Plaintiff's FIX AUTO® Marks in any way.

39.   Accordingly, FIX AUTO COLLISION CENTER is identical to and/or substantially indistinguishable from Plaintiff's registered FIX AUTO® Marks such that it is a spurious and counterfeit mark under the Lanham Act, 15 U.S.C. §§ 1117(b); 1127.

40.   Defendants have no association, affiliation, sponsorship, or any other connection with Plaintiff.

41.   Plaintiff has no association, affiliation, sponsorship, or any other connection with Defendants.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

42.    Defendants' use of FIX AUTO COLLISION CENTER in connection with automotive and collision repair and maintenance services has confused and misled consumers, and is likely to continue confusing and misleading consumers into (i) believing that the services offered by Defendants are approved, provided, endorsed, or sponsored by Plaintiff; (ii) believing that the services offered by Plaintiff are associated, connected, or otherwise affiliated with Defendants, which they are not; and/or (iii) being diverted to Defendants' shop, website, and services and away from Plaintiff's authentic shops, website, and/or services.

43.    Defendants' use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER, has caused and will continue to cause the trade, customers, potential customers, consumers and/or the relevant purchasing public to be confused into believing that: (i) Plaintiff is the source of origin of the services being marketed, advertised, promoted, offered for sale, sold, and/or provided by Defendants under and in connection with FIX AUTO COLLISION CENTER; (ii) Plaintiff is affiliated, connected, or otherwise associated with Defendants and/or Defendants' actual or intended advertising, marketing, promotion, offer for sale, sale, and/or provision of Defendants' services; and/or (iii) Plaintiff is sponsoring, endorsing, administering, supervising, or is otherwise connected with Defendants and/or Defendants' actual or intended advertising, marketing, promotion, offer for sale, sale, and/or provision of Defendants' services.

44.    Plaintiff is aware of at least one instance of actual confusion with Defendants in the marketplace and has reason to believe there are likely many more such instances, including, on information and belief, instances of actual forward confusion and actual initial interest confusion.

45.    In addition, Defendants are making use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof on and in connection with Defendants' services which, on information and belief, have disparate, alternative,

and inferior qualities to Plaintiff's authentic FIX AUTO® automotive and collision repair and maintenance services.

46.     On or about August 20, 2025, Plaintiff sent Defendants a letter advising Defendants that Plaintiff is the exclusive owner of the FIX AUTO® Marks, noting that Defendants adopted a name, FIX AUTO COLLISION CENTER, that is identical and/or confusingly similar to Plaintiff's FIX AUTO® Marks, and seeking to work amicably with Defendants so that Defendants would cease use of Plaintiff's FIX AUTO® Marks and eliminate the likelihood of confusion in the marketplace. Defendants did not respond.

47.     On or about September 5, 2025, after receiving no response from Defendants, Plaintiff sent Defendants another letter, requesting the courtesy of a response.

48.     On or about September 8, 2025, Defendants and/or their agent responded to Plaintiff's letters by leaving Plaintiff's counsel a voicemail, but despite Plaintiff's repeated attempts thereafter to reach Defendants by phone, it was not until on or about September 22, 2025, that Plaintiff was first able to connect with Defendants.  Instead of agreeing to cease use, Defendants refused to stop and demanded an exorbitant payment from Plaintiff to cease use of FIX AUTO COLLISION CENTER. Defendants then ceased communications with Plaintiff altogether.

49.     Unless enjoined, Defendants will continue to improperly use Plaintiff's FIX AUTO® Marks, wrongfully benefitting from Plaintiff's intellectual property and causing irreparable harm to Plaintiff, including in the form of actual consumer confusion, damage to Plaintiff's reputation, and a loss of Plaintiff's good will from Defendants' intentional and infringing use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof.

50.     By virtue of Plaintiff's cease and desist letter, Defendants have had actual knowledge of Plaintiff's rights in, to, and under the FIX AUTO® Marks since

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

at least Plaintiff's first notice to Defendants on August 20, 2025. Nevertheless, Defendants elected to intentionally and willfully continue providing their services under the infringing FIX AUTO COLLISION CENTER name, wrongfully causing confusion and profiting from Plaintiff's goodwill in and to its highly valuable and well-known mark and name, making this an exceptional case.

**COUNT I**

**TRADEMARK INFRINGEMENT**

**<u>SECTION 32 OF THE LANHAM ACT (15 U.S.C. § 1114)</u>**

51.     Plaintiff realleges and incorporates each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth and restated herein.

52.     Plaintiff is the owner of all rights, title, and interest in, to, and under its distinctive FIX AUTO® Marks, as well as all goodwill therein.

53.     Plaintiff began using and acquiring rights in, to, and under, its valuable and extremely well-known FIX AUTO® Marks long prior to Defendants' adoption and first use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER.

54.     Plaintiff is the senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States.

55.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, has caused, will continue to cause, and/or is likely to cause the trade, consumers, and the relevant purchasing public to be confused and mistaken as to the source of origin of the services being offered, sold, and/or provided by Defendants and, further, to deceive the trade, customers, and the relevant purchasing public as to whether Plaintiff is affiliated with, connected with, associated with, and/or a sponsor of Defendants' use of Plaintiff's distinctive, well-

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

15

COMPLAINT

known, and valuable FIX AUTO® Marks on or in connection with such identical and highly related services.

56.     Defendants have engaged in the activities described above with, on information and belief, the intent to confuse and deceive the public into believing that Defendants and their automotive and collision repair and maintenance services originate from, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff.

57.     Defendants acted willfully and intentionally in using Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof to cause confusion and deception as to whether Defendants and/or their automotive and collision repair and maintenance services, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff.  The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

58.     In addition, FIX AUTO COLLISION CENTER is a spurious designation which is identical to and/or substantially indistinguishable from Plaintiff's registered FIX AUTO® Marks, rendering such designation a counterfeit mark being, on information and belief, knowingly and intentionally used by Defendants in violation of 15 U.S.C. §§ 1117(b) and 1127.

59.     Achakzad authorized, supervised, directed, and personally and knowingly engaged in FACC's conduct as described above. Accordingly, Achakzad and FACC are jointly and severally liable for such conduct, by virtue of which, Defendants have committed and are continuing to commit acts of federal trademark infringement in violation of, *inter alia*, Section 32 of the Lanham Act, 15 U.S.C. § 1114.

60.     Achakzad is also vicariously liable for FACC's infringement. As the owner and sole proprietor of FACC, Achakzad has the right and ability to supervise and control FACC's acts and has a direct financial interest in FACC's infringement, including profits received from sales of FACC's infringing services.

61.    Defendants' aforesaid acts of trademark infringement have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive, extremely well-known, and valuable FIX AUTO® Marks, unless enjoined and restrained by the Court.

62.    Plaintiff has no adequate remedy at law and has and will continue to suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof.

**COUNT II**

**FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION**
**SECTION 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

63.    Plaintiff realleges and incorporates each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth and restated herein.

64.    Plaintiff is the owner of all rights, title, and interest in, to, and under its distinctive FIX AUTO® Marks, as well as all goodwill therein.

65.    Plaintiff began using and acquiring rights in, to, and under, its valuable and extremely well-known FIX AUTO® Marks long prior to Defendants' adoption and first use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER.

66.    Plaintiff is the senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States.

67.    Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, constitutes a false designation of origin that wrongly suggests to the relevant purchasing public and consumers that such goods emanate from, or

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

are licensed, endorsed, approved, or sponsored by, or are in some other way associated or connected with Plaintiff and/or its FIX AUTO® Marks.

68.    Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, constitutes an unlawful and unfair business act or practice and/or unfair, deceptive, and false description or representation tending to suggest to the relevant purchasing public that Plaintiff is the source of origin of such services.

69.    Achakzad authorized, supervised, directed, and personally and knowingly engaged in FACC's conduct as described above. Accordingly, Achakzad and FACC are jointly and severally liable for such conduct, by virtue of which, Defendants have committed and are continuing to commit acts of unfair competition and false designation of origin in violation of, *inter alia*, Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

70.    Achakzad is also vicariously liable for FACC's unfair competition and false designation of origin. As the owner and sole proprietor of FACC, Achakzad has the right and ability to supervise and control FACC's acts and has a direct financial interest in FACC's unfair competition and false designation of origin.

71.    Defendants' aforesaid acts of unfair competition and false designation of origin have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive, extremely well-known, and valuable FIX AUTO® Marks, unless enjoined and restrained by the Court.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

72.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof.

### COUNT III

### CALIFORNIA STATUTORY UNFAIR COMPETITION
### CAL. BUS. & PROF. CODE §17200 *ET SEQ.*

73.     Plaintiff realleges and incorporates each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth and restated herein.

74.     Plaintiff is the owner of all rights, title, and interest in, to, and under its distinctive FIX AUTO® Marks, as well as all goodwill therein.

75.     Plaintiff began using and acquiring rights in, to, and under, its valuable and extremely well-known FIX AUTO® Marks long prior to Defendants' adoption and first use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER.

76.     Plaintiff is the senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States.

77.     Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, is likely to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendants, their services, and/or their unlicensed, unconsented to, and otherwise unauthorized use of the FIX AUTO® Marks are affiliated, connected, or associated with Plaintiff and/or the FIX AUTO® Marks.

78.     Defendants' acts, including their unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof in connection with its advertising, marketing, promotion,

offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, constitute an unlawful, unfair and/or fraudulent business act or practice and unfair, deceptive, untrue, or misleading advertising, in violation of California Business and Professions Code § 17200 *et seq*.

79.     Achakzad authorized, supervised, directed, and personally and knowingly engaged in FACC's unlawful, unfair and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising. Accordingly, Achakzad and FACC are jointly and severally liable for such conduct.

80.     Achakzad is also vicariously liable for FACC's unlawful, unfair and/or fraudulent business acts or practices and unfair, deceptive, untrue, or misleading advertising. As the owner and sole proprietor of FACC, Achakzad has the right and ability to supervise and control FACC's acts and has a direct financial interest in FACC's unfair competition with Plaintiff and its FIX AUTO® Marks.

81.     Defendants' acts of unfair competition have caused and will continue to cause Plaintiff to suffer injury in fact, to lose money or property, and/or to suffer irreparable harm, and such acts are likely to continue unabated, thereby causing further injury, loss, and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with Plaintiff's distinctive, well-known, and valuable FIX AUTO® Marks, unless enjoined and restrained by this Court.

82.     Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's FIX AUTO® Marks, including to unfairly compete with Plaintiff.

## COUNT IV
## TRADEMARK INFRINGEMENT
## CALIFORNIA COMMON LAW

83.     Plaintiff realleges and incorporates each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth and restated herein.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

84.    Plaintiff is the owner of all rights, title, and interest in, to, and under its distinctive FIX AUTO® Marks, as well as all goodwill therein.

85.    Plaintiff began using and acquiring rights in, to, and under, its valuable and extremely well-known FIX AUTO® Marks long prior to Defendants' adoption and first use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER.

86.    Plaintiff is the senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States, including, without limitation, throughout California.

87.    Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its actual or intended advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, has caused, will cause, and/or is likely to cause the trade, consumers, and the relevant purchasing public to be confused and mistaken as to the source of origin of the services being offered and sold by Defendants and, further, to deceive the trade, customers, and the relevant purchasing public as to whether Plaintiff is affiliated with, connected with, associated with, and/or a sponsor of Defendants' use of Plaintiff's distinctive, well-known, and valuable FIX AUTO® Marks on or in connection with such identical and highly related services.

88.    Defendants have engaged in the activities described above with the intent to confuse and deceive the public into believing that Defendants and their automotive and collision repair and maintenance services originate from, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff.

89.    Defendants initially and/or subsequently, acted willfully and intentionally in using Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof to cause confusion and deception as to whether Defendants and/or

their automotive and collision repair and maintenance services, are affiliated with, or are sanctioned, endorsed, approved, or authorized by Plaintiff.

90.    Achakzad authorized, supervised, directed, and personally and knowingly engaged in FACC's conduct as described above. Accordingly, Achakzad and FACC are jointly and severally liable for such conduct, by virtue of which, Defendants have committed and are continuing to commit acts of trademark infringement in violation of the common law of the State of California.

91.    Achakzad is also vicariously liable for FACC's infringement. As the owner and sole proprietor of FACC, Achakzad has the right and ability to supervise and control FACC's acts and has a direct financial interest in FACC's infringement, including profits received from sales of FACC's infringing services.

92.    Defendants' aforesaid acts of trademark infringement have caused and will continue to cause damage and irreparable harm to Plaintiff, and are likely to continue unabated, thereby causing further damage and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with its distinctive, extremely well-known, and valuable FIX AUTO® Marks, unless enjoined and restrained by the Court.

93.    Plaintiff has no adequate remedy at law and has and will continue to suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof.

**COUNT V**

**UNFAIR COMPETITION**

**<u>CALIFORNIA COMMON LAW</u>**

94.    Plaintiff realleges and incorporates each and every allegation set forth in the foregoing paragraphs of the Complaint as if fully set forth and restated herein.

95.    Plaintiff is the owner of all rights, title, and interest in, to, and under its distinctive FIX AUTO® Marks, as well as all goodwill therein.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

96.    Plaintiff began using and acquiring rights in, to, and under, its valuable and extremely well-known FIX AUTO® Marks long prior to Defendants' adoption and first use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER.

97.    Plaintiff is the senior user of its FIX AUTO® Marks for automotive and collision repair and maintenance services throughout the United States.

98.    Defendants' unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof, on or in connection with its advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, is likely to cause mistake, or to deceive consumers and the relevant public into falsely believing that Defendants, their services, and/or their unlicensed, unconsented to, and otherwise unauthorized use of the FIX AUTO® Marks are affiliated, connected, or associated with Plaintiff and/or the FIX AUTO® Marks.

99.    Defendants' acts, including their unlicensed, unconsented to, and otherwise unauthorized use of Plaintiff's FIX AUTO® Marks and/or confusingly similar variations thereof in connection with its advertising, marketing, promotion, offer, sale, and/or provision of its identical and highly related automotive and collision repair and maintenance services, constitute infringement, passing off, copying, imitation, and misappropriation of Plaintiff's intellectual property, unjust enrichment of Defendants, and unfair competition with Plaintiff in violation of Plaintiff's rights under the common law of the State of California.

100.    Achakzad authorized, supervised, directed, and personally and knowingly engaged in FACC's conduct as described above. Accordingly, Achakzad and FACC are jointly and severally liable for such conduct.

101.    Achakzad is also vicariously liable for FACC's acts of unfair competition with Plaintiff and Plaintiff's FIX AUTO® Marks. As the owner and sole

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

proprietor of FACC, Achakzad has the right and ability to supervise and control FACC's acts and has a direct financial interest in FACC's unfair competition.

102.   Defendants' acts of misrepresentation, fraud, and deceit have unjustly enriched Defendants by exploiting Plaintiff's reputation in the market, caused harm to Plaintiff, and violated Plaintiff's rights, and such acts are likely to continue unabated, thereby causing further injury, loss, and irreparable harm to Plaintiff and to the valuable goodwill symbolized by and associated with Plaintiff's distinctive, well-known, and valuable FIX AUTO® Marks, unless enjoined and restrained by this Court.

103.   Plaintiff has no adequate remedy at law and will suffer irreparable injury if Defendants are allowed to continue to wrongfully use Plaintiff's FIX AUTO® Marks, including to unfairly compete with Plaintiff.

## JURY DEMAND

104.   Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Mondofix, Inc. requests a jury trial of all issues that may be tried to a jury in this action.

## PRAYER FOR RELIEF

105.   Plaintiff Mondofix, Inc. thus prays for an Order and Judgment:

a.   Entering a permanent injunction enjoining Defendants, their officers, shareholders, agents, servants, employees, attorneys, successors and assigns, affiliates, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with Defendants, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from advertising, marketing, promoting, offering, selling, and/or providing automotive and collision repair and maintenance services using Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER;

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401

b.    Directing Defendants to file with this Court and serve on Plaintiff's counsel within 30 calendar days after service of an injunction, a report under oath setting forth in detail the manner and form in which Defendants have complied with the injunction;

c.    Directing that all point-of-sale materials, labels, signs, boxes, prints, catalogues, line sheets, marketing materials, internet web pages, metatags, packages, papers, and other advertisements in the possession or control of Defendants bearing Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER, be delivered to Plaintiff's counsel or destroyed in accordance with written instructions from Plaintiff;

d.    Ordering an accounting of Defendants' profits arising from Defendants' unfair competition and trademark infringement;

e.    Ordering an award of Defendants' profits to Plaintiff, including disclosure of the number of customers to whom Defendants sold and provided automotive and collision repair and maintenance services using Plaintiff's FIX AUTO® Marks and/or any confusingly similar variations thereof, including, without limitation, FIX AUTO COLLISION CENTER, and an accounting of the gross revenue derived from such sales and provision;

f.    Ordering an award of damages sustained by Plaintiff;

g.    Ordering an award of treble the actual damages for use of a counterfeit mark under 15 U.S.C. § 1117(b). Plaintiff reserves the right to elect, any time before final judgment, statutory damages under 15 U.S.C. § 1117(c) in lieu of actual damages and profits;

h.    Finding this is an exceptional case and ordering Defendants to pay Plaintiff's attorneys fees incurred in connection with this action under 15 U.S.C. § 1117(a);

i.      Ordering pre-judgment and post-judgment interest on the above damage awards;

j.      Ordering an award of costs and reasonable attorneys' fees and expenses incurred by Plaintiff in connection with this action; and

k.      Ordering such other and further relief that this Court may deem just.

Dated: January 14, 2026                Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: _/s/ David Harford_
        David Harford
        Attorneys for Plaintiff Mondofix, Inc.

BRYAN CAVE LEIGHTON PAISNER LLP
120 BROADWAY, SUITE 300
SANTA MONICA, CA 90401